# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THEODORE STEVENS,

    Petitioner,

vs.

DAVID NEVEN, et al.,

    Respondents.

Case No. 3:15-cv-00314-LRH-WGC

**ORDER**

    Petitioner has submitted an application to proceed in forma pauperis (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action for lack of exhaustion of available state-court remedies.

    Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

    This action concerns prison disciplinary proceedings. Petitioner was found guilty of compromising prison staff. The court assumes for the purpose of this order that petitioner pursued his administrative appeals. On October 8, 2013, petitioner filed a habeas corpus petition in the First Judicial District Court of the State of Nevada, Case No. 13 EW 00391B. That court denied the

1  petition on July 10, 2014.  This court has searched for petitioner's name in the on-line docket of the
2  Nevada Supreme Court.[1]  Petitioner's most recently filed appeal in the Nevada Supreme Court is
3  Stevens v. State, Case No. 57837.  That was an appeal from the denial of a post-conviction habeas
4  corpus petition that challenged the validity of his judgment of conviction, not the prison disciplinary
5  proceeding, and it concluded before the facts alleged in the petition occurred.  Consequently, it
6  appears that petitioner has not presented the claims in his federal petition to the Nevada Supreme
7  Court, and the federal petition appears to be completely unexhausted.

8  Petitioner has submitted a motion for appointment of counsel.  Whenever the court
9  determines that the interests of justice so require, counsel may be appointed to any financially
10 eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district
11 court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to
12 articulate his claims pro se in light of the complexity of the legal issues involved."  Weygandt v.
13 Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas
14 proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not
15 separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt, 718 F.2d
16 at 954.  After reviewing the petition, the court finds that appointment of counsel is not warranted.

17 IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is
18 **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

19 IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of
20 habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for appointment of counsel

21 IT IS FURTHER ORDERED that the motion for appointment of counsel is **DENIED**.

22 IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date that
23 this order is entered to show cause why the court should not dismiss this action for failure to exhaust
24 available state-court remedies.  Failure to comply with this order will result in the dismissal of this
25 action.

26 ///

27 ———————————————

28 [1] http://caseinfo.nvsupremecourt.us/public/publicActorSearch.do (last visited July 16, 2015).

1    IT IS FURTHER ORDERED that the clerk shall add Adam Laxalt, Attorney General for the
2 State of Nevada, as counsel for respondents.
3    IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a
4 copy of the petition and this order.  Respondents' counsel shall enter a notice of appearance herein
5 within twenty (20) days of entry of this order, but no further response shall be required from
6 respondents until further order of the court.
7    DATED this 17th day of July, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE