# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THEODORE STEVENS,

    Petitioner,

vs.

DAVID NEVEN, et al.,

    Respondents.

Case No. 3:15-cv-00314-LRH-WGC

**ORDER**

    The court directed petitioner to show cause why this action should not be dismissed for his failure to exhaust his available state court remedies. Petitioner has filed a motion to show cause (#7). The court is not satisfied with petitioner's response, and the court dismisses the action.

    Petitioner challenges a prison disciplinary hearing. He filed a habeas corpus petition in the state district court, which denied the petition on the merits. Petitioner did not appeal. Petitioner now argues that the time to appeal has passed, that filing a new petition with the Nevada Supreme Court would be futile, and that there is no cause to overcome that default. Petitioner also argues that because the state district court denied the petition on the merits, the court can look through the defaulted appeal to the last reasoned decision.

    Petitioner is incorrect. While he would face state-law procedural bars for untimeliness and successiveness, see Nev. Rev. Stat. §§ 34.726(1) and 34.810, those procedural bars allow for a person to plead facts showing cause and prejudice to excuse their operation. It is difficult to make such a showing, but the court cannot state that is impossible. Consequently, a potential state-court remedy remains for petitioner. If, as petitioner argues, he cannot show cause and prejudice to

excuse that default, the court would not then look to the state district court's decision on the merits. See <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991). In petitioner's case, the last reasoned decision would not be the state court's decision on the merits, but the Nevada Supreme Court's decision that the appeal is defaulted. The federal petition would be procedurally defaulted, and petitioner has admitted that he cannot overcome that default.

Whether the court follows its initial order or petitioner's argument, the result is the dismissal of this action. The difference is the character of the dismissal. If the court dismisses the petition because it is unexhausted, petitioner retains some possibility, however slight, of obtaining relief in the state courts and, failing that, in federal court, if petitioner can overcome the state and federal procedural bars. If the court dismisses the petition because it is procedurally defaulted, then the case is at an end. The court will choose the dismissal for lack of exhaustion to give petitioner that slight possibility.

Reasonable jurists would not find this court's decision to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that this action is **DISMISSED** without prejudice for petitioner's failure to exhaust his available state-court remedies. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED this 30th day of March, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE